IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN G. SISLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 06-1180 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM ORDER

CONTI, District Judge

### Introduction

Pending before the court is an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying the claim of John G. Sisler ("plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423 *et seq.* The administrative law judge (the "ALJ") found plaintiff not disabled. Both parties filed cross-motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. A magistrate judge issued a report and recommendation (the "R & R") recommending that defendant's motion for summary judgment be granted and plaintiff's motion for summary judgment be denied. Plaintiff filed objections to the R & R.

Plaintiff, among other things, requests that this case be remanded to the Commissioner. Plaintiff asserts that the ALJ's failure to respond to a request for an extension of time for plaintiff to take depositions of two of plaintiff's physicians and submit them to the ALJ, along with the

ALJ's subsequent failure to consider these depositions – at least one of which was avaialbe before the mailing of the ALJ's decision – warrants remand. Plaintiff argues that the ALJ's alleged errors violate his equal protection and due process rights as well as the SSA and Administrative Procedure Act, 5 U.S.C. § 556. Plaintiff further requests that upon remand the Commissioner hold a de novo hearing with a different administrative law judge. Defendant contends that substantial evidence supports the ALJ's decision that plaintiff retains the ability to engage in light work with specified exceptions. Also, defendant alleges that the two depositions constitute additional evidence received after the close of the record requiring that they be held to the new, material, and good cause standard for not having been previously incorporated into the record and that the depositions do not meet that standard.

*Background*

A detailed review of the procedural history and factual background of this case is set forth in the R & R and is incorporated by reference in this memorandum order. A description of those aspects of the factual and procedural background which will be directly relevant to the analysis in this memorandum order is set forth below.

On March 5, 2004, plaintiff filed an application for DIB benefits alleging that he had been disabled since May 1, 1990. The claim was initially denied on April 26, 2004, and a request for a hearing before an administrative law judge was timely filed on May 18, 2004. The hearing was held on July 22, 2005. At the conclusion of the hearing, the ALJ asked: "Now we're not waiting for any other medical evidence?" (R. at 60). Plaintiff's counsel responded: "No." (Id.) The ALJ later stated that he would "take the case under advisement and make the decision on it." (R.

at 61).  On July 25, 2005, three days after the hearing, plaintiff's counsel faxed to the ALJ a request for an extension of two weeks, or until August 8, 2005, in which to take depositions of two physicians – Dr. Robert Baraff, M.D., who had evaluated plaintiff once in August 1993 and two times in May 2000, (R. 446), and Stanley E.L. Falor, M.D., who had examined plaintiff in October 1994 (R. at 381-82) and reviewed certain of plaintiff's medical reports in November 1994 (R. at 396) – and "to provide them to [the ALJ]."  (R. at 12).  In the faxed request plaintiff's counsel asked that the ALJ confirm the extension of time.  (Id.)  The ALJ did not respond to the request.

      The ALJ issued a decision dated August 5, 2005 finding that plaintiff was not entitled to DIB.  The deposition of Dr. Baraff was taken on July 28, 2005 and a copy of it was sent by priority mail by plaintiff's counsel to the ALJ on August 6, 2005.  The deposition was scheduled to arrive at the ALJ's office on August 8, 2005.  (R. at 437).  Plaintiff's counsel requested that Dr. Baraff's deposition be made an exhibit and requested an additional period of time to submit Dr. Falor's deposition due to his unavailability.  (Id.)  Plaintiff expressed the "hope to have his deposition taken and to [the ALJ] by August 31, 2005, if not before."  (Id.)  The ALJ's decision was mailed on August 8, 2005, the same day as the scheduled arrival of Dr. Baraff's deposition.  On August 9, 2005, plaintiff's counsel faxed to the ALJ a request "to reopen, to reconsider and to revise [sic] the within matter" and set forth various reasons why the request should be granted including that the ALJ's decision and Dr. Baraff's deposition "crossed in the mail."  (Doc. 13-10 at 33).  The ALJ denied that request on the same day without providing any explanation; the ALJ stated he had "decided not to re-open this case" and returned Dr. Baraff's deposition to plaintiff's counsel.  (Doc. 13-10 at 35).

3

On September 19, 2005, plaintiff's counsel requested the Appeals Council to review the ALJ's denial of DIB. (R. at 11). On July 12, 2006, the Appeals Council denied the request, but noted that, among other things, it "considered . . . the additional evidence" of the two depositions. (R. at 5). The Appeals Council, however, did not explain the weight given to the medical testimony in the depositions or whether that evidence was rejected or discounted. The Appeals Council only concluded: "We found that this information does not provide a basis for changing the [ALJ's] decision." (R. at 5-6).

On March 20, 2007, the R & R was issued recommending that defendant's motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. The magistrate judge determined that there was substantial evidence to support the findings of the Commissioner that plaintiff was not disabled within the meaning of the SSA. The magistrate judge concluded that "[t]he depositions [of Drs. Baraff and Falor] add nothing new to the evidence already before the Administrative Law Judge." (R & R at 12). The magistrate judge did not address the ALJ's failure to respond to plaintiff's counsel's request for more time or the constitutional violations alleged by plaintiff. Plaintiff's objections to the R&R followed.

### *Legal Standard*

Judicial review of the Commissioner's denial of a claimant's benefits is provided by statute. 42 U.S.C. § 405(g). "Although a district court's most frequent task in disability cases is to determine whether the [Commissioner's] decisions are supported by substantial evidence, . . . a court may also ascertain whether a claimant was accorded a full and fair hearing." Rosa v. Bowen, 677 F. Supp. 782, 783 (D.N.J. 1988). An administrative law judge has a duty to develop a full and fair record in social security cases. Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir.

1995); Smith v. Harris, 644 F.2d 985, 989 (3d Cir. 1981), see 20 C.F.R. § 404.1519(a). Additionally, the SSA and its corresponding regulations provide for fair procedures. Id.; see Hess v. Sec'y of Health, Ed. and Welfare, 497 F.2d 837, 840-41 (3d Cir. 1974); Rosa, 677 F. Supp. at 783. If the record has not been fully and fairly developed, the matter may be remanded. See Hess, 497 F.2d at 841; Rosa, 677 F.Supp. at 785.

*Discussion*

Consistent with the provisions for full and fair procedures, an administrative law judge may temporarily stop the hearing "if he or she believes that there is material evidence missing at the hearing." 20 C.F.R. § 404.944. It is also within an administrative law judge's discretion to "postpone the hearing or reopen it to receive additional evidence *any time before he or she notifies [a claimant] of a hearing decision.*" 20 C.F.R. § 404.936(a) (emphasis added). An administrative law judge may "reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence." 20 C.F.R. § 404.944.

It is well established that an administrative law judge has a duty to develop an adequate record, even where the claimant is represented by counsel. Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2005). Accordingly, an administrative law judge "must secure relevant information regarding a claimant's entitlement to social security benefits." Ventura, 55 F.3d at 902 (citing Hess, 497 F.2d at 841). The administrative law judge has the power and the duty to investigate fully all matters in issue and to develop the comprehensive record required for a fair determination of disability. See Stauffer v. Califano, 693 F.2d 306, 308 (3d Cir. 1982) (quoting Diabo v. Sec'y of Health, Ed. and Welfare, 627 F.2d 278, 281-82 (D.C. Cir. 1980)).

The administrative law judge must not only decide if the evidence supports the result but must also indicate the evidence which he or she rejects and the reason for discounting that evidence.  See Burnett v. Comm'r of Soc. Sec. Admin, 220 F.3d 112, 121 (3d Cir. 2000); see also Plummer v. Apfel, 186 F.3d 422, 429 (3d. Cir. 1999); Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). "It is incumbent upon the [administrative law judge] to make specific findings – the court may not speculate as to findings." Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979) (quoted in Smith v. Harris, 644 F.2d 985, 989 (3d Cir. 1981)).  In the absence of findings and stated reasons for the findings, the reviewing court would have to speculate to determine whether significant probative evidence was not credited or simply ignored.  See Cotter, 642 F.2d at 705.

The court recognizes that if a claimant wants additional evidence to be incorporated into the record after the close of the record, that evidence must be new and material and supported by the claimant's demonstration of "'good cause for not having incorporated the new evidence into the administrative record.'"  Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (quoting Szubak v. Sec'y of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984)); see 42 U.S.C. §405(g).  The issue at hand here is not, however, the ALJ's failure to incorporate additional evidence, but rather the ALJ's failure to respond to a request to submit additional evidence and to explain his reasons for not granting the request and for not considering the additional evidence.  Here, the court must determine what duty or responsibility an administrative law judge has when a written request to submit additional evidence is received before the decision is mailed.

 Consistent with an administrative law judge's well established duty to develop a full and fair record, the administrative law judge must not only take into consideration all pertinent

6

medical evidence, but is required to obtain any necessary evidence not already included in the record in order to make a complete assessment of disability benefits. Hess, F.2d at 841 (held that readily obtainable information not secured at hearing was cause for remand by the district court for denial of a full and fair hearing). The administrative law judge has the authority to grant time extensions and, after the close of an administrative hearing, may keep the record open for a discretionary period of time. Matthews, 239 F.3d at 590 (the administrative law judge held the record open to allow additional evidence).

After plaintiff and the VE testified, the ALJ asked plaintiff's counsel whether "we're waiting for any other medical evidence?" (R. at 60). The plaintiff's counsel responded, "No." (Id.) At the conclusion of the hearing the ALJ stated that he would "take the case under advisement and make the decision on it." (Tr. 61). "Advisement" means "careful consideration." BLACK'S LAW DICTIONARY (8th ed. 2004). Taking "the case under advisement" indicates that the ALJ will consider the evidence and render a decision. The ALJ, however, did not expressly state that the record was closed. Thus, upon the ALJ's inquiry about whether additional medical evidence would be submitted and the ALJ's statement concerning taking the case under advisement, there arguably was some ambiguity about whether the record was closed and whether additional evidence would be considered. If a record remains open following the hearing, further evidence may be submitted following the conclusion of a hearing to be considered by the ALJ. In light of the ambiguous statement made by the ALJ at the end of the hearing, it may not have been clear to plaintiff or his counsel that the record was closed. The ALJ should have responded to the request made by plaintiff's counsel three days after the hearing ended to submit within two weeks two depositions which had not yet been taken.

In the interest of developing a full and fair record, the administrative law judge may not ignore a request to submit additional evidence. Ignoring the request prejudices a plaintiff by potentially excluding pertinent medical evidence. At the time of the hearing in this case, almost fourteen years had passed since plaintiff's onset date, May 1, 1990. Due to the length of time that had elapsed, reviewing evidence of plaintiff's alleged disability could be difficult. The depositions that were not considered by the ALJ were taken of doctors who had examined plaintiff between eight to ten years prior to the hearing. The inherent difficulties in reviewing issues of disability alleged to have onset dates almost fourteen years prior to the hearing only increased the ALJ's burden to obtain any and all available medical evidence and discredits an unsubstantiated decision to not respond to or consider a request by plaintiff to submit additional evidence prior to a decision being mailed. If the record was closed at time of the request, the additional evidence would have had to meet the standard described in Matthews, 239 F.3d at 592. Under those circumstances the ALJ should have explained why the additional evidence met or did not meet the standard for the consideration of new evidence. Without the ALJ providing reasoning for denying a request for more time to submit additional evidence and for refusing to consider additional evidence, a reviewing court does not have a record upon which to determine whether the ALJ's decisions regarding those matters were supported by substantial evidence.

It does not go unnoticed that at the conclusion of the hearing, the ALJ questioned plaintiff's counsel about the possibility that other medical evidence would be submitted. Plaintiff's counsel stated there was none. This court does not suggest that the ALJ has a duty to go to inordinate lengths to develop plaintiff's case. It is only when plaintiff on July 25, 2005 – three days after the hearing ended – faxed a request to the ALJ to submit medical evidence within

two weeks, i.e., by August 8, 2005, and the ALJ failed to acknowledge or respond to plaintiff's request for more time or to submit the additional evidence that the ALJ failed to develop a full and fair record.  In the request, plaintiff's counsel expressed that she would "need an extension of time of two weeks, until August 8, 2005, to take the depositions and provide them to you."  This request should have alerted the ALJ that plaintiff may not have understood that the record was closed.  Plaintiff's counsel asked the ALJ to confirm this extension of time.

The ALJ received notice of the request for more time to submit evidence within three days of the conclusion of the hearing.  Indeed, had the record been closed, it was within the ALJ's discretion to reopen the hearing to receive additional evidence any time before notifying plaintiff of a decision.  20 C.F.R. § 404.936(a).  The ALJ failed to respond to plaintiff's counsel's request for more time and did not consider the recently-taken depositions of two physicians who had examined plaintiff eight to ten years before the hearing.  The ALJ's decision was dated eleven days after the hearing and was mailed fourteen days after the hearing.  The first of the two depositions was available before the mailing of the ALJ's decision.

Failure to respond to a request for more time and failure to consider an available deposition of an examining physician without explanation clearly could be prejudicial to a plaintiff.  Here, the ALJ provided no grounds upon which a reviewing court could evaluate his decision not to extend the time or to consider the evidence.  Plaintiff, within days after the end of the hearing, requested a relatively brief time – two weeks – to submit additional evidence.  Not to respond to the request and not to consider the evidence when plaintiff requested reconsideration of the decision, which was within the ALJ's discretion, raises concerns because the ALJ "cannot reject evidence for no reason or for the wrong reason."  <u>Rutherford</u>, 399 F. 3d at 554.

9

The administrative decision should clearly and satisfactorily explain the basis for the conclusion upon which it rests. Cotter, 642 F.2d at 705. The orderly functioning of the process of review requires that the grounds upon which the administrative law judge acted be clearly disclosed and adequately sustained by the record. SEC v. Chenery Corp., 318 U.S. 80, 94 (1943). The special nature of proceedings for disability benefits dictates care on the part of the agency in developing an administrative record and in explicitly weighing all evidence. Dobrowolsky, 606 F.2d at 406-07.

In this case, although the ALJ did provide reasoning for his final decision based upon the evidence presented at the time of the hearing, the ALJ failed to acknowledge or provide reasons for denying plaintiff's request for more time to submit additional evidence and failed to explain his reasoning for not considering a deposition of plaintiff's treating physician which was sent to him prior to the decision being mailed. Under these circumstances, it cannot be determined whether the ALJ explicitly weighed all evidence. Notably, disability claimants are encouraged to present all relevant evidence to the administrative law judge at the time of the hearing; however, it is equally important that each disability claimant's evaluation be based upon a fully and fairly developed record. Here, in light of the ALJ's failure to provide reasons for not granting the brief extension of time or to consider the additional evidence, the court cannot conclude that the record was fully and fairly developed. The court, therefore, must reject the recommendation of the magistrate judge and remand this case for the Commissioner to take the additional evidence into consideration and reconsider plaintiff's claim with all pertinent evidence reviewed and reasoning provided for the weight given to the evidence.

Finally, with respect to plaintiff's request for a de novo hearing with a different administrative law judge, there may be judicial review of bias claims under section 405(g). Ventura, 55 F.3d at 901 (citing Hummel v. Heckler, 736 F.2d 91 (3d Cir. 1984)). The right to an unbiased judge is essential to a fair hearing and is a requirement applied more strictly in administrative proceedings than in court proceedings because of the absence of procedural safeguards normally available in judicial proceedings. Id. at 902. In Ventura, the administrative law judge's questioning of the claimant, as reflected on the transcript of the hearing, was found to have been "coercive and intimidating." Id. at 903. The administrative law judge's "offensive conduct prevented claimant from receiving a full and fair hearing and, therefore, a new hearing must be held before another [administrative law judge] to determine whether claimant is entitled to disability benefits." Id. at 904.

In the case at hand, the ALJ's conduct during the hearing does not appear to be coercive, intimidating, or offensive in any way. Plaintiff seems to allege that the ALJ acted in a prejudicial manner by failing to respond to plaintiff's counsel's request for an extension of time and issuing a decision in a short period of time. Although the decision was dated August 5, 2005 – only eleven days after the hearing – and three days before the end of the requested time extension (i.e., August 8, 2005) – the short turn-around time of the ALJ's decision is an issue that does not clearly, in itself, create bias or prejudice against plaintiff. Without further information or conduct by the ALJ demonstrating bias, the failure to respond and the short time period between the end of the hearing and the mailing of the decision arguably may have a benign explanation. The court cannot conclude from a review of the record alone that the ALJ acted in a biased manner and at this time cannot conclude that a remand to a new administrative law judge is warranted.

*Instructions on Remand*

Due to the ALJ's failure to respond to plaintiff's request for a time extension as well as the ALJ's failure to incorporate or give reasons for denying the request to submit additional evidence, it is necessary for this court to remand the case for further consideration.  On remand, the ALJ should fully develop the record and explain his findings.  The ALJ must review all the pertinent medical evidence and if evidence is rejected, explain his reasons for the rejection.

*Conclusion*

AND NOW, this 31st day of August 2007, IT IS HEREBY ORDERED that the Plaintiff's Motion to Remand (Doc. 13) is **GRANTED;** Plaintiff's Motion for Summary Judgment (Doc. 14) is **DENIED;** Defendant's Motion for Summary Judgment (Doc. 15) is **DENIED** and Plaintiff's Motion for Oral Argument (Doc. 20) is **DENIED** as moot.  The clerk is directed to remand this matter to the Commissioner forthwith, with directions that the ALJ act expeditiously to hold a new hearing, review all the pertinent evidence and issue a decision explaining his findings.

The clerk shall mark this case closed.

By the court:
/s/ JOY FLOWERS CONTI
Joy Flowers Conti

cc: counsel of record