IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN G. SISLER,  )
    Plaintiff,  )
      )
    vs.  )  Civil Action No. 06-1180
      )  Judge Joy Flowers Conti
COMMISSIONER OF SOCIAL  )  Magistrate Judge Robert C. Mitchell
SECURITY,  )
    Defendant.  )

## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that Plaintiff's Petition for Award of Attorney Fees Pursuant to E.A.J.A. (Docket No. 22) be granted in part and denied in part, for a recovery of $3937.38. It is further recommended that Plaintiff's Motion for Bill of Costs (Docket No. 23) be granted, for a recovery of $361.92, or a total recovery of $4299.30.

II.    Report

Plaintiff, John G. Sisler, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for review of the Commissioner's final determination disallowing his claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423. On August 31, 2007, the Court entered a Memorandum Order (Docket No. 21) granting Plaintiff's Motion to Remand (Docket No. 13) and directing the Commissioner to expeditiously hold a new hearing, review all pertinent evidence and issue a decision explaining his findings.

Presently before this Court for disposition are Plaintiff's motions for attorney fees and a Bill of Costs. For the reasons that follow, the motion for a Bill of Costs (to which Defendant has

not objected) should be granted ($361.92) and the motion for attorney fees should be granted only insofar as to permit counsel to recoup the hourly rate as calculated based on the Consumer Price Index average annual attorney fee rate as multiplied by the hours billed during the calendar year ($160.08 x 23.50 hours, or $3761.88). In addition, the request for 3.90 hours of paralegal work at a rate of $45 per hour ($175.50) should be granted, for a total of $3937.38 in attorney fees.

> The Equal Access to Justice Act (EAJA) provides that:
>
> a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States....

28 U.S.C. § 2412(a)(1). The Act further provides that:

> a court shall award to a prevailing party ... fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ..., brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The procedure for requesting such fees is as follows:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed....

28 U.S.C. § 2412(d)(1)(B). The Act indicates that:

> attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

28 U.S.C. § 2412(d)(2)(A)(ii).

An applicant for Social Security benefits who obtains a remand, pursuant to sentence four of § 405(g), is a "prevailing party" for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300 (1993); Johnson v. Gonzales, 416 F.3d 205, 209 (3d Cir. 2005). The Court of Appeals has held that the correct procedure for arriving at a reasonable hourly rate is to apply the Consumer Price Index (CPI) average annual attorney fee rate to the hours billed during each calendar year. Dewalt v. Sullivan, 963 F.2d 27, 30 (3d Cir. 1992). The parties agree that the prevailing maximum hourly fee rate is $160.08 per hour, that is, the statutory rate of $125 per hour as adjusted by the cost of living from the CPI.

Plaintiff's counsel, Suzanne J. Hayden, has submitted a motion for attorney fees in which she requests an hourly rate of $260.87 for her documented 23.50 hours ($6130.45) and 3.90 hours of paralegal work, which she bills at $45.00 per hour ($175.50), for a total of $6305.95. See Docket No. 22 Ex. B (Itemization of Time). She has also submitted a motion for a Bill of Costs, seeking $361.92 for the filing fee and fees for service of summons and subpoena (Docket No. 23). Defendant does not oppose the latter motion.

However, with respect to the request for attorney fees, Defendant indicates that he is willing to pay only the prevailing maximum hourly rate of $160.08 per hour to the documented request of 23.50 hours, or a total of $3761.88.

Attorney Fees

Attorney Hayden contends that she is entitled to an hourly rate of $260.87 as a special factor based on: 1) her expertise in this area of the law and the unusual steps she took in this case; and 2) the limited number of qualified attorneys available to handle this kind of case. (Docket No. 22 Ex. A ¶ 6.) Defendant argues that Attorney Hayden has not demonstrated that

3

she is entitled to fees in excess of the statutory cap.

The Supreme Court has held that:

> the exception for "limited availability of qualified attorneys for the proceedings involved" must refer to attorneys "qualified for the proceedings" in some specialized sense, rather than just in their general legal competence. We think it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question–as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language. Where such qualifications are necessary and can be obtained only at rates in excess of the $75 cap, reimbursement above that limit is allowed.

Pierce v. Underwood, 487 U.S. 552, 572 (1998).[1] Several courts of appeals have held that Social Security law is not the sort of specialized area that would generally warrant an enhancement in excess of the statutory hourly fee cap. See Hyatt v. Barnhart, 315 F.3d 239, 252 (4th Cir. 2002); Raines v. Shalala, 44 F.3d 1355, 1361 (7th Cir. 1995); Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994); Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990). See also Healey v. Leavitt, 485 F.3d 63, 70 (2d Cir. 2007) ("While one cannot deny the complexity of the Medicare statute and the regulations promulgated thereunder, this regulatory scheme is no more complex than countless other federal regulatory schemes, and attaining proficiency in these areas is not beyond the grasp of a competent practicing attorney with access to a law library and the other accoutrements of modern legal practice."); Estate of Cervin v. Commissioner, 200 F.3d 351, 354-55 (5th Cir. 2000) (requiring expertise to consist of non-legal or technical abilities); Waterman S.S. Corp. v. Maritime Subsidy Bd., 901 F.2d 1119, 1124 (D.C. Cir. 1990) (characterizing two

---

[1] Effective March 29, 1996, Congress increased attorney fees under EAJA from $75.00 per hour to $125.00 per hour. See Contract with America Advancement Act of 1996, Pub. L. No. 104-121, § 232, 110 Stat. 847, 863 (1996).

examples given in Pierce, patent law and foreign language ability, as both requiring technical or other education outside the field of American law).

The Court of Appeals for the Third Circuit has not specifically addressed this issue in the context of a Social Security case. However, the court declined to award fees in excess of the statutory cap in an immigration case, holding that counsel was an experienced attorney confronted with a straightforward application of the substantial evidence and asylum standards: "It was not a case that required research into little-known areas of immigration law or particular knowledge of [his client's] Liberian culture–factors that might justify an award above the statutory cap." Johnson v. Gonzales, 416 F.3d 205, 213 (3d Cir. 2005) (citation omitted). Attorney Hayden provides no support for the argument that the Court of Appeals would find Social Security cases generally warrant a fee in excess of the statutory cap.

She points to the fact that she took the depositions of two physicians in order to establish her client's disabled status ten years ago. However, the taking of depositions, albeit rare in a Social Security context, does not demonstrate special expertise warranting an increase in attorney fees. See Pierce, 487 U.S. at 573 ("novelty and difficulty of issues," "the undesirability of the case," the "work and ability of counsel" and "the results obtained" do not qualify as special factors). Moreover, Attorney Hayden took these depositions while this case was at the *administrative* level. The statute explicitly states that fees must be "incurred by that party in any civil action," 28 U.S.C. § 2412(d)(1)(A). It does not apply to fees incurred in administrative proceedings. Brown v. Secretary of Health & Human Servs., 747 F.2d 878, 880 (3d Cir. 1984). Although Attorney Hayden has not applied for fees she incurred at the administrative proceeding, her argument that she demonstrated expertise by taking the depositions refers to actions she took

5

at the administrative level.

Attorney Hayden also argues that she is one of very few attorneys in the relevant geographic area who could have handled this case. She asserts that she has investigated the matter and that the relevant geographic market includes Greene County (in which she claims to be the only attorney who handles Social Security cases) and Washington County (in which she claims to be one of only two such attorneys). (Docket No. 26 Ex. B.) She has also submitted a case from the District Court for the Northern District of Ohio in which she obtained a rate of $225 per hour based on the limited number of attorneys (four) in the Youngstown area (Mahoning County) handling such cases and the fact that she "had to draw on her extensive social security experience to navigate numerous regulations, to understand several different types of limitations and/or disabilities, and to interpret and explain voluminous medical records.". Lisko v. Commissioner of Social Security, No. 4:03CV98, at 4 (N.D. Ohio Sep. 14, 2004).[2]

The court in Lisko relied on the fact that the Court of Appeals for the Sixth Circuit had considered the limited availability of qualified Social Security attorneys in the claimant's area as a possible justification for a fee enhancement, albeit in a case preceding Pierce. As explained above, however, the majority of courts to have examined this question have concluded that Social Security cases do not require specialized skill or knowledge, as the Supreme Court indicated would be true for patent cases in Pierce. Moreover, the court's listing of Attorney Hayden's actions in Lisko does not suggest a level of specialized knowledge and application beyond that required in many Social Security cases. Thus, even accepting Attorney Hayden's factual assertion about the number of attorneys practicing Social Security law in Greene and

---

[2] Docket No. 26 Ex. A.

Washington Counties and even accepting her legal argument that this is the proper relevant market, she has not demonstrated that Social Security law is a specialized area warranting an exception to the fee cap or that her actions in this matter alter that result.

Fees for Paralegal Services

The Commissioner opposes Attorney Hayden's request for fees incurred by her paralegal, contending that they are clerical in nature. Attorney Hayden contends that the work done by the paralegal was not clerical in nature. The majority of courts have concluded that for paralegal services, to the extent that the work done is that traditionally done by an attorney, fees may be recovered at prevailing market rates. See Hyatt v. Barnhart, 315 F.3d 239, 255 (4th Cir. 2002); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993); In re Olson, 884 F.2d 1415, 1426 (D.C. Cir. 1989); Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). See also Missouri v. Jenkins, 491 U.S. 274, 284 (1989) (allowing recovery of paralegal work at prevailing market rates under 42 U.S.C. § 1988). But see Richlin Security Serv. Co. v. Chertoff, 472 F.3d 1370, 1381 (Fed. Cir. 2006) (holding that paralegal expenses may be recovered only as "expenses at cost to the attorneys," and not "as fees.") In Citizens Council of Delaware County v. Brinegar, 741 F.2d 584, 596 (3d Cir. 1986), the Court of Appeals for the Third Circuit approved a district court's award of fees for services rendered by a paralegal at the rate of $50 per hour.

As documented by Attorney Hayden, the work performed by the paralegal included: filing pleadings over the Internet, personally serving the United States Attorney's Office, sending out certified letters of service and downloading pertinent information from the docket. (Docket No. 22 Ex. B at 4.) The work appears to be tasks performed traditionally by an attorney and not clerical staff. Cf. Hyatt, 315 F.3d at 255 (opening and sorting mail, making bulk mailings,

traveling to post offices and other mail facilities, confirming hotel reservations, speaking with hotel staff, arranging for repairs of a computer and planning a volunteer recognition breakfast did not seem to be the type of work that would traditionally be performed by an attorney and charged to a client). In addition, the requested rate of $45 per hour (to which Defendant has not objected) falls within the reasonable range of rates for paralegal work in the relevant market. See <u>London v. Halter</u>, 203 F. Supp. 2d 367, 369 (E.D. Tenn. 2001) (prevailing market rate for paralegal services was $45 per hour). Therefore, Plaintiff should receive the requested amount of $175.50 in paralegal fees.

For these reasons, it is recommended that Plaintiff's Petition for Award of Attorney Fees Pursuant to E.A.J.A. (Docket No. 22) be granted in part and denied in part, for a recovery of $3937.38. It is further recommended that Plaintiff's Motion for Bill of Costs (Docket No. 23) be granted, for a recovery of $361.92, or a total recovery of $4299.30.

Within thirteen (13) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        s/Robert C. Mitchell
        ROBERT C. MITCHELL
        United States Magistrate Judge

Dated: January 16, 2008